Dianne L. MEYER, an individual and one of the successors in interest of Hydro–Dynamics, Inc., a dissolved Arizona corporation, and J. Robert Meyer, in his capacity as trustee of JM Trust No. 1, a trust and one of the successors in interest of Hydro–Dynamics, Inc., a dissolved Arizona corporation, Plaintiffs,

v.

ERJ, INC., a New York corporation, De Baron, Inc., a New Jersey corporation, ERJ De Baron, Inc., a corporation, James Debark, an individual, Ron Focazio, an individual, and Ed Liguori, an individual, Defendants.

No. 96 C 143.

United States District Court, N.D. Illinois, Eastern Division.

March 27, 2001.

J. Robert Meyer, Hinsdale, IL, for Plaintiffs.

Gary A. Hood, Peterson & Ross, Chicago, IL, John G. Sestak, Jr., Jennings, Strouss & Salmon, P.L.C., Phoenix, AZ, H. Evan Williams, IV, O'Hagan, Smith & Amundsen, Wheaton, IL, James W. Ozog, Heather Lynn Genck, Momkus, Ozog & McCluskey, Downers Grove, IL, for Defendants.

*MEMORANDUM AND ORDER*

MORAN, Senior District Judge.

Both plaintiffs and respondent Wal–Mart Stores, Inc. (Wal–Mart) have moved for summary judgment on plaintiffs' claim that Wal–Mart owes money to judgment debtor ERJ, Inc. or related companies (ERJ). We grant Wal–Mart's motion and deny plaintiffs' motion.

Neither ERJ nor the secured lender that succeeded to its assets has ever claimed that Wal–Mart owes anything to ERJ. That claim is advanced by plaintiffs, who have a judgment against ERJ and want to recover on that judgment. They first sought to establish that Wal–Mart had outstanding balances owing. The Wal–Mart director of accounts payable said "no," but because the accounting records were not self-explanatory we granted plaintiffs leave to take a deposition of someone who could explain them. The deposition was taken and we have heard nothing further claiming that the accounting records reflect any balance outstanding. And the director of accounts payable filed an amended affidavit updating and reenforcing his prior affidavit.

Plaintiffs now claim that their review of inventory and other records disclose unexplained inventory on hand and various unexplained credits. They rely heavily on a claimed lack of documentation for those amounts. In doing so, they seek to open up the relationship between Wal–Mart and ERJ over a several-year period to advance claims never made by ERJ or the secured lender. But they have never obtained any court orders requiring production of additional documents and have not even filed any formal requests. It is up to plaintiffs to prove that Wal–Mart owes money to ERJ; it is not up to Wal–Mart to justify its transactions. Even so, Wal–Mart has filed various affidavits which respond to plaintiffs' claims. Wal–Mart's bedding buyer has no reason to believe that defective merchandise was not returned by the respective stores, according to established procedures, ERJ has never claimed to the contrary, and certain $25,000 credits were by agreement with ERJ. Other affidavits discuss the inventory system and inbound freight credits. The end result is that plaintiffs have at most an unsupported

speculation that Wal–Mart did not pay all that was due. And that is not enough.